FILED
United States Court of Appeals
Tenth Circuit

June 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LONNIE GLEN HODGES,

        Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

        Defendant - Appellee.

No. 13-7078
(D.C. No. 6:12-CV-00336-JHP-KEW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **ANDERSON**, and **PHILLIPS**, Circuit Judges.

Lonnie Glen Hodges appeals from the district court's judgment affirming the

Commissioner's decision to deny social security disability and supplemental security

income benefits. Exercising jurisdiction under 28 U.S.C. § 1291 and

42 U.S.C. § 405(g), we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  BACKGROUND

In 2010, Mr. Hodges sought disability benefits due to leg and hip fractures, uncontrolled diabetes, anxiety, depression, and poor vision.  At issue was whether he was totally disabled between July 12, 2007, and December 31, 2012.[1]  The Commissioner denied benefits.  The magistrate judge's report and recommendation thoroughly describes the medical evidence and we do not repeat it here.

Following a hearing, the administrative law judge ("ALJ") concluded Mr. Hodges had severe impairments of status post remote bilateral lower extremity fractures, diabetes, mood and anxiety disorders, and a history of a head injury with possible organic brain syndrome.

The ALJ further concluded Mr. Hodges has the residual functional capacity ("RFC") to perform medium work, though he cannot perform detailed or complex tasks and is unable to relate to the general public.  After considering Mr. Hodges's RFC and testimony from a vocational expert, the ALJ determined that Mr. Hodges could not return to his past work but could perform jobs existing in significant numbers in the national economy.

---

[1]   Mr. Hodges first sought disability benefits in 2007 and did not appeal the July 11, 2007 denial of benefits.  He was last insured for disability purposes on December 31, 2012.  Therefore, the relevant period for assessing disability was between July 12, 2007 (the day after the adjudication on the prior application) and December 31, 2012.  *See Hamlin v. Barnhart*, 365 F.3d 1208, 1213 (10th Cir. 2004) (noting that the relevant period for assessing disability ran from the day after the adjudication on the prior application to the last disability insured date).

The Appeals Council denied Mr. Hodges' request for review. He appealed to the district court, which affirmed the Commissioner's decision (adopting the magistrate judge's report and recommendation).

## II. DISCUSSION

On appeal, Mr. Hodges contends the ALJ erred in discounting his subjective complaints as less than credible and in failing to include them in the RFC determination. "We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). It is well-established that "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (internal quotation marks omitted).

A. Credibility Determination

Mr. Hodges testified at the hearing that he has uncontrolled diabetes, causing him to black out at times from low blood sugar levels, and that he must lie down for 30-45 minutes after each insulin injection. He also reported constant pain in his hips and legs because of rods surgically placed in his legs after a car accident 14 years ago. He said he has to lie down 75-80% of each day and can sleep only 2-3 hours a day because of this constant pain.

The ALJ concluded Mr. Hodges's allegations concerning the intensity, persistence, and limiting effects of his pain were not credible because they were not supported by the objective medical opinions and notes. The ALJ noted that during the relevant period, after July 2007, the record showed no medical evidence (1) Mr. Hodges had uncontrolled diabetes; (2) of black outs or other symptoms of uncontrolled diabetes during the relevant period nor any mention of a need to lie down and rest due to diabetes; (3) supporting his assertions that he had to stay in a supine position for 75-85% of each day; and (4) that Mr. Hodges needed to lie down or take long breaks during the day. The record also showed only one instance of moderately elevated blood sugar levels, and that Mr. Hodges lost consciousness twice, but both times well before the relevant period and after he had failed to eat following his insulin injection.

The ALJ also said Mr. Hodges's physical examinations showed him to be within normal limits, and none of the physicians who evaluated Mr. Hodges provided any findings of disability. A comprehensive medical examination in 2010 found that range of motion exercises elicited pain but that Mr. Hodges had full range of motion in his spine and knees, normal motor strength, no muscular atrophy, a safe and stable gait, and no need for any assistive devices. The physicians who reviewed his medical history found no impairment that precluded medium work.

The ALJ found Mr. Hodges had not received any significant treatment for pain, such as physical therapy or injections, was taking only over-the-counter medications; and that his pain had not produced any observable manifestations.

Finally, the ALJ noted that Mr. Hodges' complaints of constant, disabling pain were not consistent with his physical activities, including working at a construction job with strenuous physical activities in 2008 and pushing a friend's truck out of a ditch in 2010.

We conclude the ALJ considered the appropriate factors in assessing Mr. Hodges's credibility and adequately tied his credibility findings to substantial evidence in the record. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166-67 (10th Cir. 2012) (listing relevant factors for credibility assessment).

B. RFC Determination

Mr. Hodges also contends the ALJ's RFC determination should have included his subjective complaints. The ALJ found, however, that objective medical evidence did not support Mr. Hodges's allegations concerning the intensity, persistence, and limiting effects of his pain. Mr. Hodges does not point to any medical evidence indicating his RFC should be more limited than that found by the ALJ.

We conclude, based on our review of the record, that substantial evidence supports the ALJ's RFC determination.

## III.  CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge